UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                          :

STEVEN NUNEZ,                :

           Plaintiff,        :

         - against -         :

CITIBANK, N.A.,            :

           Defendant.       :
                          :
------------------------------------------------------x

Civil Action No. 08 CV 5398 (BSJ)

**ECF CASE**

**CERTIFICATION OF
RUTH A. POLLOCK IN
SUPPORT OF MOTION TO
COMPEL ARBITRATION**

RUTH A. POLLOCK, of full age, hereby certifies and says:

1.      I am a Human Resources Director, Northeast Division, for defendant Citibank, N.A. ("Citibank"). I make this Certification in Support of Citibank's Motion to Compel Arbitration and to Dismiss or Stay this Action. The facts set forth herein are based upon my personal knowledge and review of Citibank's personnel records.

2.      As a Human Resources Director, I am fully familiar with Citibank's policies and procedures including its Arbitration Policy.

3.      The U.S. Consumer Group is a business unit of Citibank that includes employees who work in Citibank's branch locations, which are known as Financial Centers.

4.      Citibank implemented its Arbitration Policy on or about September 1, 2001. The policy, which applies to all employees in Citibank's U.S. Consumer Group, requires arbitration of all employment-related disputes.

5.      In or about March 2005, plaintiff Steven Nunez applied for employment with Citibank. Attached as Exhibit 1 is a true and accurate copy of the application for employment, dated March 1, 2005, that Nunez signed and submitted to Citibank.

1500720

6.    Citibank hired Nunez and he began his employment as a Personal Banker on April 25, 2005.  Throughout his employment with Citibank, Nunez worked in Citibank's U.S. Consumer Group.

7.    It is Citibank's policy and practice to require new employees, as a condition of hiring, to sign a document entitled "Principles of Employment."  Among other things, this document reflects each employee's agreement to submit employment-related disputes to binding arbitration.  Attached as Exhibit 2 is the "Principles of Employment" document that Nunez signed.  It is dated April 25, 2005.

8.    It is also Citibank's policy and practice to provide every new employee with a copy of its Employee Handbook, which contains the Arbitration Policy.  Employees are required to sign a "Receipt Form" acknowledging receipt of the Handbook and the Arbitration Policy.

9.    Attached as Exhibit 3 is a true and accurate copy of an April 25, 2005 "Receipt Form," signed by Nunez, acknowledging that Nunez received a copy of the U.S. Consumer Group 2004 Employee Handbook including the Arbitration Policy.

10.    True and accurate copies of excerpts from the U.S. Consumer Group 2004 Employee Handbook, including the Arbitration Policy, are attached hereto as Exhibit 4.

11.    Citibank issued new a Employee Handbook in 2006.  The new handbook also contained the Arbitration Policy.  Employees signed "Receipt Forms" acknowledging their receipt of the new handbook including the Arbitration Policy.

12.    A true and accurate copy of a "Receipt Form," dated March 2, 2006 and signed by Nunez, is attached hereto as Exhibit 5.

13.    True and accurate copies of excerpts from the U.S. Consumer Group 2006 Employee Handbook, including the Arbitration Policy, are attached hereto as Exhibit 6.

I certify under penalty of perjury that the foregoing is true and correct. Executed on

August 19, 2008.

RUTH A. POLLOCK

1500720

# EXHIBIT 1

# Employment Application


citigroup

| Please print the information requested and sign and date the application. | | |
|---|---|---|
| **Last Name** Nunez | **First Name** Steven | **Middle Initial** — |

| **Number and Street Address** 52 Lenox | **Apt.** | **City** Hicksville | **State** NY | **Zip** 11801 |
|---|---|---|---|---|

| **Are you less than 18 years of age?** ☒ NO ☐ YES | **Are you legally authorized to work in the U.S.? Proof will be required.** ☐ NO ☒ YES | **Home Telephone Number (including Area Code)** 516 938-3002 | **Social Security Number** 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 |
|---|---|---|---|

**Are you related to anyone employed by Citigroup Inc. or any subsidiary or affiliate?**
☐ NO   ☒ YES (If Yes, state name, position and department.)   PRIMERICA

**Have you ever performed services for Citigroup Inc. or any subsidiary, affiliate or predecessor company ?**
☐ NO   ☒ YES   When?        Name of company?        Location?

| **Type of Position Desired** Primerica | **Location** Hicksville | **Starting Salary Desired** 55 - 40 | **DO YOU PREFER** ☒ FULL-TIME ☐ PART-TIME |
|---|---|---|---|
| **Referred by** Francisco Perales | | **Date available to start** Now | ☐ TEMPORARY |

**Have you ever been convicted of or pled guilty or "nolo contendere" (no contest) to any criminal offense, including any misdemeanor and/or felony (before a court or by military court martial)?** ☒ NO ☐ YES (If Yes, attach written explanation.) *See below for state exemptions to this question.

**Since November 29, 1990, have you ever entered into a pretrial diversion or similar program in connection with any criminal offense involving dishonesty, or breach of trust or money laundering?** ☒ NO   ☐ YES (If Yes, attach written explanation.)

**Are you subject to any order prohibiting you from working at a financial institution?** ☒ NO ☐ YES (If Yes, attach written explanation.)

If hired, your responses will be verified by a criminal record check. A conviction is not an automatic bar to employment. Factors such as regulatory, federal and state statutory requirements, the relationship of the offense to employment, the length of time since the offense and the seriousness and nature of the violation will be taken into account.

* **All applicants:** Applicants must disclose information pertaining to sealed records concerning crimes involving dishonesty, breach of trust or money laundering. Applicants, however, do not need to disclose information pertaining to any other sealed records, expunged conviction records or adjudications as a youthful offender.
* **CT applicants:** Applicants in CT do not need to disclose the existence of any arrest, criminal charge or conviction for which records have been erased pursuant to Conn. Gen. Stat. 46b-146, 54-760 or 54-142a. These records pertain to findings of delinquency, findings that a child was a member of a family with service needs; adjudications as a youthful offender; dismissed or nolled criminal charges (except nolled criminal charges for crimes involving dishonesty, breach of trust or money laundering); criminal charges for which they have been found not guilty; or convictions (except for crimes involving dishonesty, breach of trust or money laundering) for which they have received pardons. Applicants whose criminal records have been erased are deemed never to have been arrested and may so swear.
* **CA applicants:** Applicants in CA do not need to disclose convictions of: (1) marijuana offenses in violation of CA Health and Safety Code Sections 11357(b) or (c) or a statutory predecessor thereof, 11360(c), 11364, 11365 or 11550, as they relate to marijuana prior to January 1, 1976 or a statutory predecessor thereof, which are more than two years old; and (2) any misdemeanor conviction (except for crimes involving dishonesty, breach of trust or money laundering) for which probation has been successfully completed or otherwise discharged and the case has been judicially dismissed pursuant to CA Penal Code Section 1203.4.
* **HI applicants:** In HI, applicants should answer the above questions only after a conditional offer of employment has been made.
* **MA applicants:** Applicants in MA do not need to disclose the existence of: (1) a first conviction for drunkenness, simple assault, speeding, minor traffic violations, affray or disturbing the peace; and (2) misdemeanors (except for crimes involving dishonesty, breach of trust or money laundering) where the date of conviction or the end of any period of incarceration was more than five years ago, provided that there have been no subsequent convictions within those five years.

Citigroup Inc., its subsidiaries and affiliates, is an equal opportunity employer. All applications will receive consideration for employment without regard to race, color, religion, creed, sex, age, national origin, ancestry, marital status, citizenship status, disability, sexual orientation, veteran status, gender identity or expression, or any other legally protected categories. No question on this application is intended to secure information about these subjects.

Revised Form, October 2004.

| Education/Skills | List last High School, Technical/Specialty Schools and all Colleges/Graduate Schools. | | | |
|---|---|---|---|---|
| NAME OF LAST HIGH SCHOOL ATTENDED AND LOCATION (City and State) | GRADUATE ? | DEGREE GRANTED | | COURSE |
| Fort Hamilton H.S. | ☑ YES ☐ NO | Diploma ☑ GED ☐ | | Liberal Science |
| NAME AND ADDRESS OF TECHNICAL, SPECIALTY AND ALL COLLEGES/GRADUATE SCHOOLS | DATES MO./YR. | GRADUATE ? | DEGREE CONFERRED | COURSE |
| Long Island University | From: 94 To: 97 | ☐ YES ☑ NO | | Major: Biology Minor: |
| | From: To: | ☐ YES ☐ NO | | Major: Minor: |
| | From: To: | ☐ YES ☐ NO | | Major: Minor: |

| WHAT COMPUTER PROGRAMS ARE YOU FAMILIAR WITH? | | | TYPING | WPM |
|---|---|---|---|---|
| Excel, Word - Microsoft | | | | |

WHAT OFFICE EQUIPMENT DO YOU OPERATE?

WHAT FOREIGN LANGUAGES DO YOU SPEAK? WRITE? SPANISH    Learning Japanese, German, Hebrew

ACCOUNTING/FINANCIAL COURSES/SKILLS?
OTHER JOB RELATED SKILLS, KNOWLEDGE AND ACTIVITIES? LICENSES HELD? Life/Health / 6, 63/ Variable Annuities

## Employment Record    All information including salary will be verified

List all periods of employment, including military service, for the last ten years (or last five employers). Start with your most recent positions and note any periods of unemployment.

May we contact your present employer? ☐ YES ☐ NO

| Employer Name | Dates (Mo./Yr.) | Current Position | Base Salary (start/final): 0 |
|---|---|---|---|
| Primerica Financial | From:    To: | Sr. Regional Leader | Other Compensation: 45,000 |
| Duties | Recruit, Train, & Develop People | | |
| Address | 250 Old Country Rd. Hicksville, NY 11801 | | Telephone (888)252-4538 |

Name and Title of Supervisor | Reason for Leaving Structured Hours

| Employer Name | Dates (Mo./Yr.) | Current or Last Position | Base Salary (start/final): 30,000 |
|---|---|---|---|
| New York Kinpo | From: 97 To: 00 | Asst. Mgr | Other Compensation: 0 |
| Duties | Monitor Sales Activity | | |
| Address | 79 East 15st | | Telephone ? |

Name and Title of Supervisor LVUC / Claudia | Reason for Leaving Better Opportunity

| Employer Name | Dates (Mo./Yr.) | Last Position | Base Salary (start/final): 22,000 |
|---|---|---|---|
| Coca Cola 5th Ave | From: 94 To: 97 | Sales Mgr. | Other Compensation: |
| Duties | Sales Goal - Meet & Exceed | | |
| Address | 55th Ave 5th Ave | | Telephone |

Name and Title of Supervisor | Reason for Leaving Better Opportunity

| Employer Name | Dates (Mo./Yr.) | Last Position | Base Salary (start/final): |
|---|---|---|---|
| | From:    To: | | Other Compensation: |
| Duties | | | |
| Address | | | Telephone |

Name and Title of Supervisor | Reason for Leaving

| Employer Name | Dates (Mo./Yr.) | Last Position | Base Salary (start/final): |
|---|---|---|---|
| | From:    To: | | Other Compensation: |
| Duties | | | |
| Address | | | Telephone |

Name and Title of Supervisor | Reason for Leaving

Authorization and Acknowledgment

I acknowledge that the facts I have stated on this application are true and complete to the best of my knowledge and understand that any falsification or omission of information on this application or during the interview process may be grounds for denial of employment, or if already employed, grounds for termination.

I understand that this employment application is not a contract of employment. I further understand that I will be an employee at-will and that my employment can be terminated at any time by the Company or myself, with or without cause, and with or without prior warning. This at-will relationship will remain in effect throughout my employment and may not be modified by any oral or implied agreement.

I understand that an offer of employment with the Company may be subject to any or all of the following: successful completion of a physical exam, drug test, successful passing of job-related testing, a review of references, consumer report, and other background information, which may include criminal conviction information, and proof of authorization to work in the U.S. In connection with the application process, I authorize any inquiry to be made on the information contained in the application. Former employers and education institutions are authorized to provide information about me and I hereby release them from all liability and waive any privilege I have to such information. I authorize any sharing of this information along with other investigative information among affiliates.

I acknowledge that I am advised of the Company's responsibility to review all current and future outside business interests of all employees to ensure that these are consistent with regulatory standards and Company policy. I acknowledge that I will disclose this information with the understanding that certain affiliations or activities may be deemed non-permissible under those standards.

I also acknowledge that I am advised that the Company has a mandatory employment arbitration policy and employment is contingent upon execution of written employment documents including an agreement to submit employment related disputes to binding arbitration.

If employment results from this application, I understand that proof of authorization to work in the U.S., proof of age, a photograph, identification, and fingerprinting will be required. I also understand that additional personal information will be required to determine if I am eligible for Company-sponsored benefits and for statistical/government reporting purposes.

| Signature of Applicant | Date  3/1/05 |
|---|---|

# EXHIBIT 2

# PRINCIPLES OF EMPLOYMENT
## (For New Hires)

As you consider our offer to become an employee of Citigroup Inc. or one of its affiliates or subsidiaries (the "Company") there are certain matters that we want to clarify. You must observe the policies that we publish from time to time for employees. These include a requirement that you maintain the highest standards of conduct and act within the highest ethical principles. You must not do anything that may be or appear to be a conflict of interest with your responsibilities as an employee. These expectations are included in the Company's Statement of Business Practices and the applicable Dispute Resolution Procedure, Employment Arbitration Policy and Employee Handbook, all of which are available for your review prior to your acceptance of employment if you choose to review them. You will be asked to acknowledge receiving copies of the current versions of these with your New Hire paperwork when you begin employment. Remember - It is your responsibility to read and understand these policies and expectations. If you have any questions, now or in the future, please ask.

You must never use (except when necessary in your employment with us) nor disclose to anyone not affiliated with the Company any confidential or unpublished information you obtain as a result of your employment with us. This applies both while you are employed with us and after that employment ends. If you leave our employ, you may not retain or take with you any writing or other record that relates to the above.

Your employment with us requires your full attention. Any invention, development or improvement made by you during the time you are employed by us that pertains to our business belongs to us and you agree to assign any interest you have in these things to us upon our request.

You agree to follow our dispute resolution/arbitration procedures for employment disputes. While we hope that disputes with our employees will never arise, we want them resolved promptly if they do arise. These procedures include any qualified employment disputes (including termination of employment) that you might have with the Company and its current and former officers, directors, employees and agents.* These procedures do not preclude us from taking disciplinary action (including termination) at any time, but if you dispute such action, you and the Company agree that the disagreement will be resolved through this process. Our procedures are divided into two parts. First, an internal dispute procedure, the "Dispute Resolution Procedure," allows you to seek review of any action regarding your employment or termination of your employment that you think is unfair. Second, in the unusual situation when this internal procedure does not fully resolve an employment-related dispute and the dispute is based upon legally protected rights, you and the Company agree to submit the dispute, within the time provided by the applicable statute(s) of limitations, to binding arbitration with the American Arbitration Association ("AAA"), except that any dispute subject to the jurisdiction of the National Association of Securities Dealers ("NASD") or the New York Stock Exchange, Inc. ("NYSE") will be submitted to binding arbitration with the NASD or NYSE, in accordance with the arbitration rules of that forum then in effect and as supplemented by the applicable Employment Arbitration Policy. A detailed description of these procedures is available in the Human Resources department for your review. Again, it is your responsibility to read and understand the dispute resolution/arbitration procedures. If you have any questions, now or in the future, please ask.

Nothing herein constitutes a contract of employment for a definite period of time. The employment relationship is "at will", which affords you or the Company the right to terminate the relationship at any time for any reason or no reason not otherwise prohibited by applicable law. The Company retains the right to decrease an employee's compensation and/or benefits, transfer or demote an employee, or otherwise change the terms or conditions of any employee's employment with the Company.

We believe these matters are important to you as an employee and to us as an employer. Your acceptance of our offer constitutes your acceptance of the aforementioned provisions.

Understood and agreed:

Steven Nunez
_____          _____
Print Name/Signature                                            Date

4/25/05

4/25/05
_____
Proposed Starting Date

*These include without limitation all claims, demands or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, and all amendments thereto, and any other federal, state or local statute, regulation or common law doctrine regarding employment discrimination, conditions of employment or termination of employment.

# EXHIBIT 3

# U.S. CONSUMER GROUP 2004 EMPLOYEE HANDBOOK
# RECEIPT FORM

**Complete this form and return it to Human Resources within 30 days of receipt. Failure to do so won't affect the applicability of the *Handbook* or any of its provisions to you.**

I have received the Company's *Handbook* and, in consideration of my continued at-will employment by the Company, I will comply with it and all of the Policies and Procedures of the Company. I have read this *Handbook* carefully, and I understand that I should contact my manager or Human Resources representative with any questions.

With the exception of the Employment Arbitration Policy, I understand that nothing contained in this *Handbook*, nor the *Handbook* itself, is considered a contract of employment or constitutes a guarantee that my employment will continue for any specified period of time and that my employment with the Company is at will, which means it can be terminated by me or the Company at any time, with or without notice, for no reason or any reason not otherwise prohibited by law.

I understand that this *Handbook* contains a policy that requires me to submit employment-related disputes to binding arbitration (see page 35). I have read that policy carefully. I also understand that no provision in this *Handbook* or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of the Company's right to compel arbitration of employment-related disputes.

Signed _____    Date _4/25/05_

Name (please print) _Steven Nuñez_____    GEID _____

Department _Rockville Center_____



# EXHIBIT 4

# U.S. CONSUMER GROUP

## A MEMBER OF CITIGROUP



WORKING TOGETHER:
OUR POLICIES, GUIDELINES,
AND EXPECTATIONS

American Health & Life
Arcadia Financial, LTD
Auto One Financial
Chesapeake Appraisal & Settlement Services
Citibanking North America Retail Distribution
Citibanking Technology Solutions
Citicorp Data Systems
Citicorp Trust Bank
CitiFinancial
CitiFinancial International

CitiFinancial Mortgage
Citigroup Real Estate Servicing Technology
CitiMortgage
Commercial Business Group
Consumer Asset Division
Consumer Finance Auto Division
DriveHome.com
Sector
The Student Loan Corporation
TranSouth Financial Corporation



# INTRODUCTION

This *Employee Handbook* ("Handbook") is your basic source of Human Resources information. It describes the key personnel policies, procedures, and guidelines for the domestic employees in your Citigroup U.S. Consumer Group business (the "Company").

We expect you to read this *Handbook* carefully as it's a valuable reference for understanding your responsibilities and the Company's policies. We suggest you keep it at your desk for easy reference. Its purpose is to familiarize you with what the Company expects from you and how you can be most successful in working for the Company.

It's difficult to anticipate the almost infinite number of situations that can arise during the employment relationship, and this *Handbook* isn't meant to cover every specific instance or operating procedure of your department. However, additional operating procedures may be provided by your manager.

To respond to the changing needs of our employees and the Company, the Company reserves the right at any time to create, amend, supplement, modify, or rescind, in whole or in part, any policy, procedure, benefit, or provision of this *Handbook*, or the *Handbook* itself, as it deems appropriate, with or without notice. In the event of any conflict between the description of employee benefits in this *Handbook*, the Summary Plan Descriptions, or the plan documents, the respective formal plan documents shall govern.

Except for the Employment Arbitration Policy, nothing contained in this *Handbook* (or the *Handbook* itself) should be considered a contract of employment or constitute a guarantee that your employment will continue for any specified period of time. Bear in mind that your employment with the Company is at will, which means it can be terminated by you or the Company at any time, with or without notice, for no reason or for any reason not otherwise prohibited by law.

This *Handbook* supersedes any employee handbooks or Human Resources policies that may have applied to you as an employee of the Company that are inconsistent with and prior to this *Handbook*'s distribution. *Where state law is more generous than the provisions in this Handbook, state law applies.*

Because our policies and benefits are constantly under review, you may receive occasional updates on the information in the *Handbook*. It's your responsibility to keep yourself up to date.

If you have any questions about the interpretation or application of any information in this *Handbook*, or if you have a question not answered here, see your manager, Human Resources representative, or Employee Relations.

***Important: This Handbook contains a policy that requires you to submit employment-related disputes to binding arbitration (see page 35). Please read that policy carefully. No provision in this Handbook or elsewhere is intended to constitute a waiver, or be construed to constitute a waiver, of the Company's right to compel arbitration of employment-related disputes.***

# EMPLOYMENT ARBITRATION POLICY

## STATEMENT OF INTENT

U.S. Consumer Group values each of its employees and looks forward to good relations with, and among, all of its employees. Occasionally, however, disagreements may arise between an individual employee and U.S. Consumer Group or between employees in a context that involves U.S. Consumer Group. U.S. Consumer Group believes that the resolution of such disagreements will be best accomplished by internal dispute resolution and, where that fails, by arbitration conducted under the auspices of the American Arbitration Association. For these reasons, U.S. Consumer Group has adopted this Employment Arbitration Policy ("Policy"). Except as provided below, the Policy applies to all persons employed by U.S. Consumer Group as of September 1, 2001, and all employees joining U.S. Consumer Group after that date.[1]

Employment with U.S. Consumer Group is a voluntary relationship for no definite period of time, and nothing in this Policy or any other Company document constitutes an express or implied contract of employment for any definite period of time. This Policy doesn't constitute, nor should it be construed to constitute, a waiver by U.S. Consumer Group of its rights under the "employment-at-will" doctrine; nor does it afford an employee or former employee any rights or remedies not otherwise available under applicable law.

### Scope of Policy

The Policy makes arbitration the required and exclusive forum for the resolution of all employment disputes based on legally protected rights (i.e., statutory, contractual, or common-law rights) that may arise between an employee or former employee and U.S. Consumer Group or its current and former parents, subsidiaries, and affiliates and its and their current and former officers, directors, employees, and agents (and that aren't resolved by the internal Dispute Resolution Procedure) including, without limitation, claims, demands, or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto, and any other federal, state, or local statute, regulation, or common-law doctrine regarding employment discrimination, conditions of employment, termination of employment, breach of contract, or defamation.

Except as otherwise required by applicable law, this Policy applies only to claims brought on an individual basis. Consequently, neither the Company nor any employee may submit a class action, collective action, or other representative action for resolution under this Policy.

Claims that an employee or former employee may have regarding Workers' Compensation or unemployment compensation benefits aren't covered by this Policy. Nothing in this Policy shall prevent either party from seeking from any court of competent jurisdiction injunctive relief in aid of arbitration. The Policy doesn't exclude the National Labor Relations Board from jurisdiction over disputes covered by the National Labor Relations Act. Similarly, this Policy doesn't exclude the jurisdiction of the Equal Employment Opportunity Commission ("EEOC") and/or state and local human rights agencies to investigate alleged violations of the laws enforced by the EEOC and/or these agencies.

This Policy doesn't require that U.S. Consumer Group institute arbitration, nor is it required to follow the steps of the Dispute Resolution Procedure, before taking disciplinary action of any kind, including termination of employment. However, if an employee disagrees with any such disciplinary action and believes that such action violated his or her legally protected rights, he or she may institute proceedings in accordance with the Policy. The results of the arbitration process are final and binding on the employee and U.S. Consumer Group.

---

[1] Employees of Primerica Financial Services have their own employment arbitration policy, which will continue to apply to them.

Certain employees or former employees are subject to the arbitration requirements of the NASD or the New York Stock Exchange, Inc. ("NYSE"). This Policy applies to any such person only to the extent that (i) U.S. Consumer Group waives its right to compel arbitration of such person's claim(s) to NASD or NYSE arbitration, (ii) such person's claim(s) aren't eligible for submission to NASD or NYSE arbitration, or (iii) the NASD or NYSE declines to accept such person's claim(s) for arbitration.

**Arbitration and rules procedures**

The following rules and procedures are based on, and largely incorporate, the Employment Dispute Resolution Rules ("Rules") of the American Arbitration Association ("AAA"). U.S. Consumer Group has modified and expanded these rules and procedures in certain respects. In particular, provisions regarding fees and costs have been modified to provide that many of the costs typically shared by the parties will be borne by U.S. Consumer Group. In addition, provisions permitting limited discovery have been added to ensure equal access to relevant information.

**1. Initiation of arbitration proceeding**

To initiate arbitration you must send a written demand for arbitration to the Senior Human Resources Officer for U.S. Consumer Group. The demand must be received by the Senior Human Resources Officer for U.S. Consumer Group within the time period provided by the statute of limitations applicable to the claim(s) set forth in the demand.

The demand shall set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute; the amount in controversy, if any; and the remedy sought. Within thirty (30) calendar days of receiving such demand, or as soon as possible thereafter, U.S. Consumer Group shall file the demand with the appropriate office of the AAA.

**2. Appointment of neutral arbitrator**

The AAA shall appoint one neutral arbitrator from its Employment Dispute Resolution Roster unless both

parties request that a panel of three (3) arbitrators be appointed. If the parties can't agree upon the number of arbitrators, the AAA shall have the authority to determine the number of arbitrators. In the event a panel of arbitrators is appointed, all decisions of the panel must be by a majority and the use of the word "arbitrator" shall refer to the panel. It's the intent of U.S. Consumer Group that the prospective arbitrators be diverse, experienced, knowledgeable with respect to employment-related claims, neutral, and duly qualified to serve as arbitrators under the AAA's Rules.

The arbitrator shall be appointed in the following manner:

a) Immediately after the filing of the demand, the AAA shall submit to each party an identical list of proposed arbitrators;

b) Each party shall then have ten (10) business days from the mailing date of the list to cross off any two (2) names to which the party objects, number the remaining names in order of preference, and return the list to the AAA;

c) If a party doesn't return the list within the time specified, all persons on the list shall be deemed acceptable to that party; and

d) The AAA shall invite the acceptance of the arbitrators remaining on the list in the order of preference specified by the parties to the extent the order can be reconciled by the AAA.

In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA shall issue additional lists.

**3. Qualifications of neutral arbitrator**

No person shall serve as a neutral arbitrator in any matter in which that person has any financial or personal interest in the result of the proceeding. Prior to accepting appointment the prospective arbitrator shall disclose any circumstance likely to prevent a prompt hearing or to create a presumption of bias. Upon receipt of such

information, the AAA will either replace that person or communicate the information to the parties for comment. Thereafter, the AAA may disqualify that person and its decision shall be conclusive. Vacancies shall be filled in accordance with Section 2 above.

### 4. Vacancies

The AAA is authorized to substitute another arbitrator if a vacancy occurs or if an appointed arbitrator is unable to serve promptly.

### 5. Proceedings

The hearing shall be conducted by the arbitrator in whatever manner will most expeditiously permit full presentation of evidence and arguments of the parties. The arbitrator shall set the date, time, and place of the hearing, notice of which must be given to the parties by the AAA at least thirty (30) calendar days in advance unless the parties agree otherwise. In the event the hearing can't reasonably be completed in one day, the arbitrator will schedule the hearing to be continued on a mutually convenient date.

### 6. Representation

Any party may be represented by an attorney or other representative (excluding any Company supervisory employee) or by him or herself. For an employee or former employee without representation, the AAA will, upon request, provide reference to institutions that might offer assistance.

### 7. Confidentiality of and attendance at hearing

The arbitrator shall maintain the confidentiality of the hearings unless the law provides to the contrary. The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator shall also have the authority to decide whether any person who isn't a witness may attend the hearing.

### 8. Postponement

The arbitrator for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative and shall also grant such postponement when all of the parties agree thereto.

### 9. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witness to testify under oath administered by any duly qualified person and, if it's required by law or requested by any party, shall do so.

### 10. Stenographic record

There shall be no stenographic record of these proceedings unless either party requests it. In the event a party requests a stenographic record, that party shall bear the cost of such a record. If both parties request a stenographic record, the cost shall be borne equally by the parties.

### 11. Arbitration in the absence of a party

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who's present to submit such evidence as the arbitrator may require for the making of the award.

### 12. Discovery

Each party shall be entitled to propound and serve upon the other party one set of interrogatories (limited to the identification of potential witnesses) and one set of requests for the production of documents in a form consistent with the Federal Rules of Civil Procedure. Upon the request of a party, the arbitrator may order further discovery consistent with the Rules of the AAA and the expedited nature of arbitration.

### 13. Prehearing motions

The arbitrator shall be authorized to consider and rule upon prehearing motions, including dispositive motions. Any ruling regarding such motion shall be made consistent with Section 20 of this policy.

**14. Evidence**
The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary.

**15. Evidence by affidavit and filing of documents**
The arbitrator may receive and consider the evidence of witnesses by affidavit but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission. All documents to be considered by the arbitrator shall be filed at the hearing.

**16. Closing of hearing**
The arbitrator shall ask whether the parties have any further proof to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed and the minutes thereof shall be recorded.

**17. Reopening of hearing**
The hearing may be reopened on the arbitrator's initiative, or upon application of a party for cause shown, at any time before the award is made. The arbitrator may reopen the hearing and shall have fourteen (14) days from the closing of the reopened hearing within which to make an award.

**18. Waiver of procedures**
Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures hasn't been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

**19. Time of award**
The award shall be made promptly by the arbitrator unless otherwise agreed by the parties or specified by law. The arbitrator shall be instructed to make the award within thirty (30) days of the close of the hearing or as soon as possible thereafter.

**20. Award**
a) Form. The award shall be in writing and shall be signed by the arbitrator. If either party requests, such award shall set forth in summary form the reasons for the award. All awards shall be executed in the manner required by law. The award shall be final and binding upon the employee and U.S. Consumer Group, and judicial review shall be limited as provided by law.

b) Scope of relief. The arbitrator shall be governed by applicable federal, state, and/or local law. Furthermore, the arbitrator shall be bound by applicable Company policies and procedures and shall not have the authority to alter or otherwise modify the parties' at-will relationship or substitute his or her judgment for the lawful business judgment of Company management. The arbitrator may award relief only on an individual basis. The arbitrator shall have the authority to award compensatory damages and injunctive relief to the extent permitted by applicable law. The arbitrator shall not have the authority to award punitive or exemplary damages or attorneys' fees except where expressly provided by applicable statute (e.g., punitive damages under the Civil Rights Act of 1991). The arbitrator shall not have the authority to make any award that's arbitrary and capricious or to award to U.S. Consumer Group the costs of the arbitration that it's otherwise required to bear under this policy.

**21. Delivery of award to parties**
The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address via certified mail, return receipt, personal service of the award or the filing of the award in any manner that's permitted by law.

**22. Enforcement**
The award of the arbitrator may be enforced under the terms of the Federal Arbitration Act (Title 9 U.S.C.) and/or under the law of any state to the maximum extent possible. If a court determines that the award isn't completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law. If any part of this Policy is held to be void or unenforceable, the remainder of the Policy will be enforceable and any part may be severed from the remainder as appropriate.

**23. Judicial proceedings and exclusion of liability**

(a) Neither the AAA nor any arbitrator in a proceeding under this Policy is a necessary party in judicial proceedings relating to the arbitration.

(b) Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**24. Expenses and fees**

Unless otherwise precluded by applicable law, expenses and fees shall be allocated as follows:

a) Filing fees. U.S. Consumer Group shall pay any filing fee required by the AAA.

b) Hearing fees and arbitrator fees. U.S. Consumer Group shall pay the hearing fee and arbitrator fee for the hearing.

c) Postponement/cancellation fees. Postponement and cancellation fees shall be payable, at the discretion of the arbitrator, by the party causing the postponement or cancellation.

d) Other expenses. The expenses of witnesses shall be paid by the party requiring the presence of such witnesses. All other ordinary and reasonable expenses of the arbitration including hearing room expenses, travel expenses of the arbitrator, AAA representatives, and any witness produced at the arbitrator's direction, shall be paid completely by U.S. Consumer Group.

e) Legal fees and expenses. Each side shall pay its own legal fees and expenses subject to Paragraph 20(b) above.

The allocation of expenses as provided for in items (a) through (d) may not be disturbed by the arbitrator except where the arbitrator determines that a party's claims were frivolous or were asserted in bad faith.

**25. Serving of notice**

Any notices or process necessary or proper for the initiation or continuation of an arbitration under these procedures; for any court action in connection therewith; or for the entry of judgment on an award made under these procedures may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party. The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these procedures, provided that such notice is confirmed by the telephone or subsequent mailing to all affected parties.

**26. Time period for arbitration**

Any proceeding under this Policy must be brought within the time period provided for within the statute(s) of limitations applicable to the claims asserted by the claimant.

**27. Amendment or termination of arbitration policy**

U.S. Consumer Group reserves the right to revise, amend, modify, or discontinue the Policy at any time in its sole discretion. Such amendments may be made by publishing them in the *Handbook* or by separate release to employees and shall be effective 30 calendar days after such amendments are provided to employees. Your continuation of employment after receiving such amendments shall be deemed acceptance of the amended terms.

**28. Interpretation and application of procedure**

The arbitrator shall interpret and apply these procedures insofar as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.

# EXHIBIT 5

# U.S. CONSUMER GROUP 2006 EMPLOYEE HANDBOOK
# RECEIPT FORM

**Complete this form and return it to Human Resources within 30 days of receipt. Failure to do so won't affect the applicability of the *Handbook* or any of its provisions to you.**

I have received the Company's *Handbook* and, in consideration of my continued at-will employment by the Company, I will comply with it and all of the policies of the Company. I have read this *Handbook* carefully, and I understand that I should contact my manager, Human Resources representative, or Employee Relations if I have any questions.

With the exception of the Employment Arbitration Policy, I understand that nothing contained in this *Handbook*, nor the *Handbook* itself, is considered a contract of employment. In addition, nothing in this *Handbook* constitutes a guarantee that my employment will continue for any specified period of time. I understand that my employment with the Company is at-will, which means it can be terminated by me or the Company at any time, with or without notice, for no reason or any reason not otherwise prohibited by law.

I understand that this *Handbook* contains a policy that requires me to submit employment-related disputes to binding arbitration (see page 37). I have read that policy carefully. I also understand that no provision in this *Handbook* or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of the Company's right to compel arbitration of employment-related disputes.

Signature _____    Date 3|4|06

Name (please print) __Steven Nunez__    GEID 449/801

Department __CFA__

3

# EXHIBIT 6

# U.S. CONSUMER GROUP

## A MEMBER OF CITIGROUP

WORKING TOGETHER:
OUR POLICIES, GUIDELINES,
AND EXPECTATIONS



# INTRODUCTION

This *Employee Handbook* (Handbook) is your basic source of Human Resources information. It describes the key personnel policies and guidelines for the domestic employees in your Citigroup U.S. Consumer Group business (the Company).

We expect you to read this *Handbook* carefully as it's a valuable reference for understanding your responsibilities and the Company's policies. We suggest that you keep it at your desk for easy reference. Its purpose is to familiarize you with what the Company expects from you and how you can be most successful in working for the Company.

We can't anticipate the almost infinite number of situations that can arise during the employment relationship, and this *Handbook* isn't meant to cover every specific instance or operating procedure of your department. Your manager may provide additional operating procedures.

Except for the Employment Arbitration Policy, which contains its own particular provision, to respond to the changing needs of our employees and the Company, the Company reserves the right at any time to create, amend, supplement, modify, or rescind, in whole or in part, any policy, procedure, benefit, or provision of this *Handbook*, or the *Handbook* itself, as it deems appropriate, with or without notice. In the event of any conflict between the description of employee benefits in this *Handbook*, the Summary Plan Descriptions, or the plan documents, the respective formal plan documents shall govern.

Except for the Employment Arbitration Policy, nothing contained in this *Handbook* nor the *Handbook* itself should be considered a contract of employment.

In addition, nothing in this *Handbook* constitutes a guarantee that your employment will continue for any specified period of time. Bear in mind that your employment with the Company is at-will, which means it can be terminated by you or the Company at any time, with or without notice, for no reason or for any reason not otherwise prohibited by law.

This *Handbook* supersedes any employee handbooks or Human Resources policies that may have applied to you as an employee of the Company that are inconsistent with and prior to this *Handbook's* distribution. *Where state law is more generous than the provisions in this* Handbook, *state law applies.*

Because our policies and benefits are constantly under review, you may receive occasional updates on the information in the *Handbook*. It's your responsibility to keep yourself up to date.

If you have any questions about the interpretation or application of any information in this *Handbook*, or if you have a question not answered here, see your manager, Human Resources representative, or Employee Relations.

*Important: This* **Handbook** *contains a policy that requires you to submit employment-related disputes to binding arbitration (see page 37). Please read that policy carefully. No provision in this* **Handbook** *or elsewhere is intended to constitute a waiver, nor intended to be construed to constitute a waiver, of the Company's right to compel arbitration of employment-related disputes.*

# EMPLOYMENT ARBITRATION POLICY

## STATEMENT OF INTENT

The Company values each of its employees and looks forward to good relations with, and among, all of its employees. Occasionally, however, disagreements may arise between an individual employee and the Company or between employees in a context that involves the Company. The Company believes that the resolution of such disagreements will be best accomplished by internal dispute resolution and, where that fails, by arbitration conducted under the auspices of the American Arbitration Association. For these reasons, the Company has adopted this Employment Arbitration Policy (Policy). Except as provided below, the Policy applies to all persons employed by the Company as of September 1, 2001, and all employees joining the Company after that date.

Employment with the Company is a voluntary relationship for no definite period of time, and nothing in this Policy or any other Company document constitutes an express or implied contract of employment for any definite period of time. This Policy doesn't constitute, nor should it be construed to constitute, a waiver by the Company of its rights under the "employment-at-will" doctrine, nor does it afford an employee or former employee any rights or remedies not otherwise available under applicable law.

## SCOPE OF POLICY

The Policy makes arbitration the required and exclusive forum for the resolution of all employment disputes based on legally protected rights (i.e., statutory, contractual, or common-law rights) that may arise between an employee or former employee and the Company or its current and former parents, subsidiaries, and affiliates and its and their current and former officers, directors, employees, and agents (and that aren't resolved by the internal Dispute Resolution Procedure) including, without limitation, claims, demands, or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with

Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto and any other federal, state, or local statute, regulation, or common-law doctrine regarding employment discrimination, conditions of employment, termination of employment, breach of contract, or defamation.

Except as otherwise required by applicable law, this Policy applies only to claims brought on an individual basis. Consequently, neither the Company nor any employee may submit a class action, collective action, or other representative action for resolution under this Policy.

Claims that an employee or former employee may have regarding Workers' Compensation or unemployment compensation benefits aren't covered by this Policy. Nothing in this Policy shall prevent either party from seeking from any court of competent jurisdiction injunctive relief in aid of arbitration. The Policy doesn't exclude the National Labor Relations Board from jurisdiction over disputes covered by the National Labor Relations Act. Similarly, this Policy doesn't exclude the jurisdiction of the Equal Employment Opportunity Commission (EEOC) and/or state and local human rights agencies to investigate alleged violations of the laws enforced by the EEOC and/or these agencies.

This Policy doesn't require that the Company institute arbitration, nor is it required to follow the steps of the Dispute Resolution Procedure, before taking disciplinary action of any kind, including termination of employment. However, if an employee disagrees with any such disciplinary action and believes that such action violated his or her legally protected rights, he/she may institute proceedings in accordance with the Policy. The results of the arbitration process are final and binding on the employee and the Company.

Certain employees or former employees are subject to the arbitration requirements of the NASD or the New York Stock Exchange, Inc. (NYSE). This Policy

applies to any such person only to the extent that (i) the Company waives its right to compel arbitration of such person's claim(s) to NASD or NYSE arbitration; (ii) such person's claim(s) aren't eligible for submission to NASD or NYSE arbitration; or (iii) the NASD or NYSE declines to accept such person's claim(s) for arbitration.

## Arbitration and rules procedures

The following rules and procedures are based on, and largely incorporate, the Employment Dispute Resolution Rules (Rules) of the American Arbitration Association (AAA). The Company has modified and expanded these rules and procedures in certain respects. In particular, provisions regarding fees and costs have been modified so that many of the costs typically shared by the parties will be borne by the Company.

### 1. Initiation of arbitration proceeding

To initiate arbitration you must send a written demand for arbitration to the Senior Human Resources Officer for the Company. The demand must be received by the Senior Human Resources Officer for the Company within the time period provided by the statute of limitations applicable to the claim(s) set forth in the demand.

The demand shall set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute; the amount in controversy, if any; and the remedy sought. Within thirty (30) calendar days of receiving such demand, or as soon as possible thereafter, the Company shall file the demand with the appropriate office of the AAA.

### 2. Appointment of neutral arbitrator

The AAA shall appoint one neutral arbitrator from its Employment Dispute Resolution Roster unless both parties request that a panel of three (3) arbitrators be appointed. If the parties can't agree on the number of arbitrators, the AAA shall have the authority to determine the number of arbitrators. In the event a panel of arbitrators is appointed, all decisions of the panel must be by a majority and the use of the word "arbitrator" shall refer to the panel. It's the intent of the Company that the prospective arbitrators be diverse, experienced, knowledgeable with respect to

employment-related claims, neutral, and duly qualified to serve as arbitrators under the AAA's Rules.

The arbitrator shall be appointed in the following manner:

a. Immediately after the filing of the demand, the AAA shall submit to each party an identical list of proposed arbitrators;

b. Each party shall then have ten (10) business days from the mailing date of the list to cross off any two (2) names to which the party objects, number the remaining names in order of preference, and return the list to the AAA;

c. If a party doesn't return the list within the time specified, all persons on the list shall be deemed acceptable to that party; and

d. The AAA shall invite the acceptance of the arbitrators remaining on the list in the order of preference specified by the parties to the extent the order can be reconciled by the AAA.

In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA shall issue additional lists.

### 3. Qualifications of neutral arbitrator

No person shall serve as a neutral arbitrator in any matter in which that person has any financial or personal interest in the result of the proceeding. Prior to accepting appointment the prospective arbitrator shall disclose any circumstance likely to prevent a prompt hearing or to create a presumption of bias. Upon receipt of such information, the AAA either will replace that person or communicate the information to the parties for comment. Thereafter, the AAA may disqualify that person and its decision shall be conclusive. Vacancies shall be filled in accordance with Section 2 above.

### 4. Vacancies

The AAA is authorized to substitute another arbitrator if a vacancy occurs or if an appointed arbitrator is unable to serve promptly.

### 5. Proceedings

The hearing shall be conducted by the arbitrator in whatever manner will most expeditiously permit full

OUR SHARED RESPONSIBILITIES
To Our Clients • To Each Other • To Our Franchise

presentation of evidence and arguments of the parties. The arbitrator shall set the date, time, and place of the hearing, notice of which must be given to the parties by the AAA at least thirty (30) calendar days in advance unless the parties agree otherwise. In the event the hearing can't reasonably be completed in one day, the arbitrator will schedule the hearing to be continued on a mutually convenient date.

### 6. Representation
Any party may be represented by an attorney or other representative (excluding any Company supervisory employee) or by himself or herself. For an employee or former employee without representation, the AAA will, upon request, provide reference to institutions that might offer assistance.

### 7. Confidentiality of and attendance at hearing
The arbitrator shall maintain the confidentiality of the hearings unless the law provides to the contrary. The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who isn't a witness may attend the hearing.

### 8. Postponement
The arbitrator for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative and shall grant such postponement when all of the parties agree thereto.

### 9. Oaths
Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require a witness to testify under oath administered by any duly qualified person and, if it's required by law or requested by any party, shall do so.

### 10. Stenographic record
No stenographic record of these proceedings shall be kept unless either party requests it. In the event a party requests a stenographic record, the Company shall bear the cost of such a record.

### 11. Arbitration in the absence of a party
Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who's present to submit such evidence as the arbitrator may require for the making of the award.

### 12. Discovery
Discovery requests shall be made consistent with the Rules of the AAA and the expedited nature of arbitration.

### 13. Prehearing motions
The arbitrator shall be authorized to consider and rule on prehearing motions including dispositive motions. Any ruling regarding such motion shall be made consistent with Section 20 of this policy.

### 14. Evidence
The arbitrator shall be the judge of the relevance and materiality of the evidence offered; conformity to legal rules of evidence shall not be necessary.

### 15. Evidence by affidavit and filing of documents
The arbitrator may receive and consider the evidence of witnesses by affidavit but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission. All documents to be considered by the arbitrator shall be filed at the hearing.

### 16. Closing of hearing
The arbitrator shall ask whether the parties have any further proof to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed and the minutes thereof shall be recorded.

### 17. Reopening of hearing
The hearing may be reopened on the arbitrator's initiative, or upon application of a party for cause shown, at any time before the award is made. The arbitrator may reopen the hearing and shall have fourteen (14) days from the closing of the reopened hearing within which to make an award.

## 18. Waiver of procedures

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures hasn't been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

## 19. Time of award

The award shall be made promptly by the arbitrator unless otherwise agreed by the parties or specified by law. The arbitrator shall be instructed to make the award within thirty (30) days of the close of the hearing or as soon as possible thereafter.

## 20. Award

**a. Form.** The award shall be in writing and shall be signed by the arbitrator. If either party requests, such award shall set forth in summary form the reasons for the award. All awards shall be executed in the manner required by law. The award shall be final and binding upon the employee and the Company, and judicial review shall be limited as provided by law.

**b. Scope of relief.** The arbitrator shall be governed by applicable federal, state, and/or local law and shall be bound by applicable Company policies and procedures. The arbitrator may award relief only on an individual basis. The arbitrator shall have the authority to award compensatory damages and injunctive relief to the extent permitted by applicable law. The arbitrator may award punitive or exemplary damages or attorneys' fees where expressly provided by applicable law. The arbitrator shall not have the authority to make any award that's arbitrary and capricious or to award to the Company the costs of the arbitration that it's otherwise required to bear under this policy.

## 21. Delivery of award to parties

The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address via certified mail, return receipt, personal service of the award or the filing of the award in any manner that's permitted by law.

## 22. Enforcement

The award of the arbitrator may be enforced under the terms of the Federal Arbitration Act (Title 9 U.S.C.) and/or under the law of any state to the maximum extent possible. If a court determines that the award isn't completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law. If any part of this Policy is held to be void or unenforceable, the remainder of the Policy will be enforceable and any part may be severed from the remainder as appropriate.

## 23. Judicial proceedings and exclusion of liability

**a.** Neither the AAA nor any arbitrator in a proceeding under this Policy is a necessary party in judicial proceedings relating to the arbitration.

**b.** Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

## 24. Expenses and fees

Unless otherwise precluded by applicable law, expenses and fees shall be allocated as follows:

**a. Filing fees.** The Company shall pay any filing fee required by the AAA.

**b. Hearing fees and arbitrator fees.** The Company shall pay the hearing fee and arbitrator fee for the hearing.

**c. Postponement/cancellation fees.** Postponement and cancellation fees shall be payable, at the discretion of the arbitrator, by the party causing the postponement or cancellation.

**d. Other expenses.** The expenses of witnesses shall be paid by the party requiring the presence of such witnesses. All other ordinary and reasonable expenses of the arbitration including hearing room expenses, travel expenses of the arbitrator, AAA representatives, and any witness produced at the arbitrator's direction, shall be paid completely by the Company.

**e. Legal fees and expenses.** Each side shall pay its own legal fees and expenses subject to Paragraph 20(b) above.

The allocation of expenses as provided for in items "a" through "d" may not be disturbed by the arbitrator except where the arbitrator determines that a party's claims were frivolous or were asserted in bad faith.

### 25. Serving of notice

Any notices or process necessary or proper for the initiation or continuation of an arbitration under these procedures; for any court action in connection therewith; or for the entry of judgment on an award made under these procedures may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party. The AAA and the parties also may use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these procedures, provided that such notice is confirmed by the telephone or subsequent mailing to all affected parties.

### 26. Time period for arbitration

Any proceeding under this Policy must be brought within the time period provided for within the statute(s) of limitations applicable to the claims asserted by the claimant.

### 27. Amendment or termination of arbitration policy

The Company reserves the right to revise, amend, modify, or discontinue the Policy at any time in its sole discretion. Such amendments may be made by publishing them in the *Handbook* or by separate release to employees and shall be effective 30 calendar days after such amendments are provided to employees and will apply prospectively only. Your continuation of employment after receiving such amendments shall be deemed acceptance of the amended terms.

### 28. Interpretation and application of procedure

The arbitrator shall interpret and apply these procedures as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.